IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK CHARLES ALLEN, AA4729, | ) | No. C 12-3769 CRB (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO LIFT STAY |
| vs. | ) ) | AND GRANTING MOTION FOR APPOINTMENT OF |
| ERIC ARNOLD, Acting Warden, | ) ) | COUNSEL; AND ORDER TO SHOW CAUSE |
| Respondent. | ) ) | (Dkt. #13 & 14) |

Petitioner, a state prisoner currently incarcerated at California State Prison, Solano, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in 2012 challenging a conviction from Alameda County Superior Court. He also moved for a stay until he could exhaust all of his claims in state court.

Per order filed on October 23, 2012, the court granted the motion to stay proceedings and instructed the clerk to administratively close the case until petitioner exhausts all of his claims and moves to reopen the case and lift the court's stay. Petitioner recently filed a motion to lift the court's stay, noting that he exhausted state judicial remedies as to all of his claims when the Supreme Court of California rejected his final claims on June 25, 2014. Petitioner also moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). Good cause appearing therefor, petitioner's motion to lift the court's stay and reopen this matter (dkt. #13) is GRANTED.

## BACKGROUND

Petitioner shot and killed a man in the erroneous belief that the man had raped petitioner's sister. He was charged with murder, with allegations of personal use of a firearm, personal infliction of great bodily injury and possession of a firearm by a felon. Petitioner pleaded guilty to the charge of firearm possession by a felon and at trial did not did not deny shooting the man, but contended that he should be convicted of voluntary manslaughter. The jury found petitioner guilty of first degree murder and found the firearm use allegation true. Petitioner's motion for a new trial was denied and, on June 26, 2009, he was sentenced to 50 years to life in state prison.

On January 14, 2011, the California Court of Appeal affirmed the judgment of the trial court and, on April 13, 2011, the Supreme Court of California denied review. Petitioner unsuccessfully started seeking collateral relief from the state courts in 2012. On June 25, 2014, the Supreme Court of California denied his final petition for state habeas relief.

Petitioner's federal petition for a writ of habeas corpus under § 2254 is now ready for consideration.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including various instances of instructional error and ineffective assistance of trial and appellate counsel. The claims appear cognizable under § 2254 and merit an answer from respondent. See, e.g., Estelle v. McGuire, 502 U.S. 62, 72 (1991) (ailing instruction may so infect entire trial that resulting conviction violates due process); Strickland v. Washington, 466 U.S. 668, 686 (1984) (claim of ineffective assistance of counsel is cognizable as claim of denial of 6th Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel).

C.  Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel in these federal habeas proceedings pursuant to 18 U.S.C. § 3006A(a)(2)(B) (dkt. #14) is GRANTED. Section 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. See also Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (decision to appoint counsel is within discretion of district court). The court finds appointment of counsel appropriate in this case because petitioner is indigent, was represented by appointed counsel in his state criminal court proceedings and has little formal education; the federal petition and supporting documents were prepared by Randi Dana Covin, Esq., because petitioner could not prepare them himself; Ms. Covin received a small fee from petitioner's family to help petitioner prepare the federal petition and supporting documents, but the family cannot afford to pay Ms. Covin for any further assistance to petitioner in this matter; and the claims and issues in the federal petition are complex (especially the changes in

1  California law after <u>People v. Beltran</u>, 56 Cal. 4th 935 (2013)) and potentially
2  meritorious.
3      Good cause appearing therefor, the court APPOINTS pursuant to 18
4  U.S.C. § 3006A(a)(2)(B) Randi Dana Covin, State Bar No. 168422, P.O. Box
5  1120, Willits, CA 95490 (tel: (707) 459-2456; e-mail: rcovin13@gmail.com), to
6  represent petitioner in all <u>future</u> proceedings in this matter, including preparation
7  and filing of a traverse, and representation of petitioner at an evidentiary hearing,
8  if one is deemed necessary at a later date.  Ms. Covin has significant state
9  criminal and federal habeas experience, is well acquainted with the claims and
10 issues in the federal petition she helped petitioner prepare and has indicated that
11 she would accept the appointment.

## CONCLUSION

13     For the foregoing reasons and for good cause shown,
14     1.    The clerk shall reopen this matter and serve a copy of this order and
15 the petition and all attachments thereto on respondent and respondent's attorney,
16 the Attorney General of the State of California.  The clerk also shall serve a copy
17 of this order on petitioner, petitioner's newly-appointed counsel and on the
18 Federal Public Defender's Office.
19     2.    Respondent shall file with the court and serve on petitioner, within
20 60 days of the issuance of this order, an answer conforming in all respects to Rule
21 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
22 habeas corpus should not be granted.  Respondent shall file with the answer and
23 serve on petitioner a copy of all portions of the state trial record that have been
24 transcribed previously and that are relevant to a determination of the issues
25 presented by the petition.
26 /

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

SO ORDERED.

DATED:  Aug. 21, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Allen, P.12-3769.osc.wpd

5