1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9      FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  PATRICK ALLEN,                           No. C12-03769 CRB
12          Petitioner,              **ORDER DENYING MOTION TO DISMISS**
13  v.
14  ERIC ARNOLD,
15          Respondent.
                                                      /
16

17        Petitioner Patrick Allen shot and killed a man in 2005.  He was charged with murder,

18  and with allegations of personal use of a firearm, personal infliction of great bodily injury,

19  and possession of a firearm by a felon.  Petitioner pled guilty to the possession charge.  At

20  trial, Petitioner did not deny shooting the victim, but argued that he should be convicted of

21  voluntary manslaughter, not murder, because he mistakenly believed that the victim had just

22  sexually assaulted Petitioner's sister.  Petitioner's sister had been raped years earlier,

23  allegedly leaving Petitioner both traumatized and highly protective of his sister.  A jury

24  found Petitioner guilty of first degree murder and found the firearm use allegation true.

25  Petitioner's motion for a new trial was denied and Petitioner was sentenced to 50 years to life

26  in state prison.  Petitioner's appeals were denied in 2011.  Petitioner unsuccessfully started

27  seeking collateral relief from the state courts in 2012.  In June of 2014, the Supreme Court of

28  California denied Petitioner's final petition for state habeas relief, and this Court granted

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Petitioner's motion to lift the stay of the habeas proceedings here.

2      In lieu of filing an answer, Respondent Eric Arnold filed a Motion to Dismiss, arguing

3  that claims Three, Four, Six and Eleven in the Petition had not been exhausted. <u>See</u>

4  <u>generally</u> Mot. (dkt. 17). Petitioner responded that he does not oppose dismissal of claims

5  Three, Four, and Eleven. Opp'n (dkt. 23). However, Petitioner maintains that he did exhaust

6  claim Six. The Court agrees.

7      Claim Six of the Petition alleges: "Trial counsel's failure to investigate and present

8  evidence strongly supporting the heat of passion defense denied petitioner the effective

9  assistance of counsel." Pet. (dkt. 1) at H. Petitioner alleges that he and his family told

10 defense counsel about a videotape from a youth development program in 2002 in which

11 Petitioner described his sister's rape as "the worst thing that ever happened to him." <u>Id.</u> at I.

12 He alleges that defense counsel promised the jury in his opening statement that the videotape

13 would support Petitioner's heat of passion defense, but that when someone in defense

14 counsel's office viewed a videotape and did not find the expected footage, defense counsel

15 did not investigate further. <u>Id.</u> He further alleges that after the verdicts, the correct videotape

16 came to light (and was the basis for a new trial motion), and that "defense counsel's failure to

17 adequately investigate and present favorable evidence to the jury denied petitioner the

18 effective assistance of counsel." <u>Id.</u> at J.

19     Petitioner's 2011 Petition for Review before the California Supreme Court alleged:

20 "Defense Counsel's New Trial Motion . . . Affirmatively Establishes that Mr. Allen Received

21 Ineffective Assistance of Counsel, Because the 'Newly Discovered Evidence,' on Which the

22 New Trial Motion Was Based, Would Have Been Produced at Trial By Reasonably Effective

23 Counsel." Mot. Ex. B at 37. It alleged that the new trial motion had characterized the

24 videotape as "newly discovered," but that the trial court found that the videotape "could . . . ,

25 with reasonable diligence, have [been] discovered and produced at trial." <u>Id.</u> It argued that

26 "If the evidence could have been produced with 'reasonable diligence'—as the trial court

27 found—it was counsel's want of diligence which caused their absence at trial." <u>Id.</u> It

28 concluded that "counsel's performance was [therefore] deficient," and cited <u>Strickland v.</u>

**United States District Court**
For the Northern District of California

1  <u>Washington</u>, 466 U.S. 668, 694 (1984).  <u>Id.</u> at 37-38.

2       Respondent's assertion that "a review of the state petition for review shows a lack of

3  factual specificity needed to fairly exhaust the proffered federal claim Six" is simply wrong.

4  <u>See</u> Reply (dkt. 24) at 4.  The Petition for Review complained of defense counsel's failure to

5  attain the videotape and show it to the jury during the course of the trial; claim Six complains

6  of precisely the same failure.  This is not a case, then, where a petitioner alleges specific

7  instances of ineffective assistance in his federal petition that he did not raise before the state

8  courts.  <u>See, e.g.</u>, <u>Wood v. Ryan</u>, 693 F.3d 1104, 1120 (9th Cir. 2012) (general allegation of

9  ineffective assistance is not sufficient to alert a state court to separate specific instances);

10 <u>Kelly v. Small</u>, 315 F.3d 1063, 1067-69 (9th Cir. 2002) (specific instances in federal petition

11 not in state petition).  To exhaust a factual basis for a claim, a "petitioner must only provide

12 the state court with the operative facts, that is 'all of the facts necessary to give application to

13 the constitutional principle upon which [the petitioner] relies.'"  <u>Davis v. Silva</u>, 511 F.3d

14 1005, 1009 (9th Cir. 2008) (citations omitted).  Petitioner has done so.[1]

15      Accordingly, the Court DENIES Respondent's Motion to Dismiss claim Six.

16 Respondent shall file an answer to the <u>exhausted claims in the Petition</u> within 30 days of the

17 filing of this Order.  Petitioner's traverse, if any, shall be filed within 30 days of the filing of

18 the answer.

19      **IT IS SO ORDERED.**

20

21 Dated: February 9, 2015

22                        CHARLES R. BREYER
                         UNITED STATES DISTRICT
23                          JUDGE

24

25

26

27      [1] Nor is there any question whether the language in the Petition for Review referenced a specific
provision of the federal constitution or federal statutes, or cited to federal or state case law analyzing
28 the federal issue.  <u>See</u> <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1158 (9th Cir. 2003).  The Petition for
Review cited to <u>Strickland</u>.  Mot. Ex. B at 37-38.